NIV V. DAVIDOVICH, ESQ.
(State Bar No. 247328)
CHARLIE Z. STEIN, ESQ.
(State Bar No. 265361)
**DAVIDOVICH STEIN LAW GROUP LLP**
6442 Coldwater Canyon Avenue, Suite 209
North Hollywood, California 91606
Telephone: (818) 661-2420
Facsimile: (818) 301-5131
Email(s):   Niv@DavidovichLaw.com
            Charlie@DavidovichLaw.com

Attorneys for Defendants GRCA2 DEVELOPMENT, LLC, a Delaware limited liability company and GERALD (erroneously sued as "GERRY") WIENER, an individual

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| DANIEL CHU, an individual,<br><br>   Plaintiff,<br>   vs.<br><br>GRCA2 DEVELOPMENT, LLC, a Delaware limited liability company; GERRY WIENER, an individual; and CAA GENERAL CONTRACTOR, INC., a California corporation; and DOES 1 to 10, inclusive<br><br>   Defendants. | CASE NO:<br><br>**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(a) (DIVERSITY)**<br><br>State Action Filed:   August 1, 2022<br>State Action Case No.:   22STCV24782 |

- 1 -
**NOTICE OF REMOVAL TO FEDERAL COURT**

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. sections 1332, 1441, and 1446, Defendants GRCA2 DEVELOPMENT, LLC ("GD") and Defendant GERALD WIENER (erroneously sued as "GERRY WIENER") ("Wiener"), with the consent of CAA GENERAL CONTRACTOR, INC. ("CAA") (collectively, "Defendants"), hereby remove this civil action from the Superior Court of California for the County of Los Angeles, where it is currently pending as Case No. 22STCV24782, to the United States District Court for the Central District of California, Western Division.

This Court has original jurisdiction over this action under 28 U.S.C. § 1332(a) on the grounds that complete diversity exists between all parties and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. Plaintiff DANIEL CHU ("Plaintiff" or "Chu") is a resident, citizen and domiciliary of the State of Texas, Defendant GD is a Delaware limited liability company with its principal place of business in the State of California, and Defendant Wiener is currently a permanent resident, citizen and domiciliary of the State of California.

**I.     BACKGROUND**

On August 1, 2022, Chu commenced an action in the Superior Court of the State of California in and for the County of Los Angeles, entitled *Chu v. GRCA2 Development, LLC, et al*, Los Angeles County Superior Court ("LASC") Case Number 22STCV24782 (the "State Action"). Pursuant to 28 U.S.C. section 1446(a), a copy of the Summons and Complaint is attached hereto as **Exhibit 1**.

Plaintiff asserts in the Complaint five (5) causes of action: (1) negligence (against CAA); (2) breach of settlement agreement (against GD); (3) fraud (against GD and Wiener); (4) declaratory relief (against GD and Wiener); and (5) breach of addendum to purchase agreement (against GD), in the alternative to the second cause of action. Exh. 1, Complaint, p. 1.

///

NOTICE OF REMOVAL TO FEDERAL COURT

Plaintiff alleges that he entered into a Residential Purchase Agreement ("RPA") to purchase that real property commonly known as 2260 Maravilla Drive, Los Angeles, California (the "Property") on or about October 15, 2014. (Complaint, ¶ 12.) On November 6, 2014, the parties entered into Addendum One to the RPA ("Addendum One"), which, Plaintiff, alleges and admits, provided that GD would obtain and provide all required permits. Exh. 1, Complaint, ¶ 13.

On May 5, 2016, Chu sent a demand letter alleging certain defects in the Property ("2016 Defects"). Exh. 1, Complaint, ¶ 18. On December 21, 2016, Plaintiff and GD (on behalf of, among others, all of its members and contractors, which includes Wiener and CAA, respectively), settled all of their claims arising out or related to the Property, the RPA, and/or all of Plaintiff's allegations related to the defects in the Property, in exchange for payment to Plaintiff of $60,000 (the "Settlement Agreement"). Exh. 1, Complaint, ¶ 19.

The Settlement Agreement also provides that:

- "[T]he Parties desire to go their separate ways and fully and finally compromise, resolve, and settle any and all claims, demands, and causes of action they may have against one another (previously asserted or unasserted) as of the Effective date of this Agreement," which was December 20, 2016. Exh. 1, Complaint, Recitals, ¶ E.

- The Parties agreed to a general and all-encompassing mutual release which states:

   "***The Parties hereby release, discharge and acquit each other and their respective representatives including, without limitation, the Parties' respective former, current, and future subcontractors, vendors***, assigns, agents, employees, directors, officers, attorneys, predecessors, successors, parent companies, subsidiaries, affiliates, partners, shareholders, ***members***, and assigns of all of the persons, firms, entities or corporations with whom any of the former have been, or now or may hereinafter be affiliated (***including all members, shareholders, and officers of Seller's members to the extent such members are entities***) (collectively, the "Released Parties"), from the following:

   ***Any and all past, present or future claims***, causes of action of any kind, demands, injury claims, negligence claims, fraud claims, indemnity claims, equitable claims, bad faith claims,

- 3 -
**NOTICE OF REMOVAL TO FEDERAL COURT**

DAVIDOVICH STEIN LAW GROUP LLP
6442 COLDWATER CANYON AVENUE, SUITE 209
NORTH HOLLYWOOD, CALIFORNIA 91606
(818) 661-2420

breach of the covenant of good faith and fair dealing claims, breach of contract claims, attorneys' fees and costs, emotional distress claims, rights, damages, costs, losses of services, expenses, statutory claims, and compensation of any nature whatsoever, and any and all claims for injunctive relief, *known or unknown*, *disclosed or undisclosed, matured or unmatured*, whether based on a tort, contract, statute, or any other theory of recovery, and whether for compensatory, statutory or punitive damages, *that the Parties now have as against one another, or which may hereafter accrue or otherwise be acquired, on account of, arising out of, or in any way related to the Property, the RPA, and/or the Allegations* (collectively the "Claims").

The Parties hereby acknowledge and agree that this release is a general release pertaining to the activities arising out of or in connection with the subject matter set forth above and further expressly waive and assume the risk of any and all claims for damages or any other relief, including injunctive relief, which exist as of this date but of which they do not know or suspect to exist, whether through ignorance, oversight, error, negligence or otherwise, and which, if known, would materially affect their decision to enter into this Agreement. The Parties do not release or discharge each other from any claims, causes of action, damages, costs, interest, or attorneys' fees relating to each Party's performance under this Agreement." Exh. 1, Complaint, ¶ 3; emph. added.

- Both parties waive the rights, benefits and remedies conferred by Section 1542 of the California Civil Code. Exh. 1, Complaint, ¶ 8.

- "Should the Parties file any lawsuit in connection with the subject matter covered by this Agreement and/or this paragraph against one of the other Parties, then the defendant in such a suit shall have the right to plead this Agreement as a defense to such an action; and in such case, the losing party shall be responsible to pay for the prevailing party's losses and damages, including attorneys' fees and costs." Exh. 1, Complaint, ¶ 11.

- "The Parties to this Agreement declare and represent that no promise, inducement or agreement not herein discussed has been made between the Parties, and that this Agreement contains the entire expression of agreement between the Parties on the subjects addressed herein and supersedes any prior agreement between the Parties[.]" Exh. 1, Complaint, ¶ 19.

- "As a material inducement to and consideration for entering into this Agreement, the documents contemplated hereunder, and the releases

provided herein, the Parties jointly and expressly represent and warrant that they are unaware of any claims or causes of action they may have against one another (previously asserted or unasserted) made the subject of the Allegations, or that could have been made the subject of the Allegations, that are not released by this Agreement. The Parties hereby agree it is the intention of the Parties in executing this Agreement that the same shall be effective as a bar to each and every claim, demand and cause of action each against the other except with respect to the obligations that arise under this Agreement." Exh. 1, Complaint, ¶ 22.

Despite this clear, unambiguous, and express language, Chu maintains that he was "fraudulently induced" into entering into the Settlement Agreement based on alleged issues with the permitting for and construction of the Property (which Chu was aware of, as it was included in his 2016 demand letter), which issues were waived in the Settlement Agreement, and that Chu allegedly "did not know" of these issues at the time he entered into the Settlement Agreement. Exh. 1, Complaint, ¶, ¶¶ 22-23.

## II. GROUNDS FOR REMOVAL

As set forth more fully below, this Court has subject matter jurisdiction under 28 U.S.C. section 1332, which confers original jurisdiction of "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between … citizens of different States and in which citizens or subjects of a foreign state are additional parties[.]"

### A. The Amount-In-Controversy Requirement is Satisfied.

"[I]t is well settled that the jurisdictional amount is established 'from the face of the pleadings,' ... 'at the time a complaint is filed.'" *Maine Cmty. Health Options v. Albertsons Cos.*, 993 F.3d 720, 723 n.2 (9th Cir. 2021) (Citations omitted).

Generally, the "amount in controversy is determined from the allegations or prayer of the complaint." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938). "In actions seeking declaratory or injunctive relief, it is well established

that the amount in controversy is measured by the value of the object of the litigation." *Hunt v. Wash. State Apple Advertising Comm'n*, 432 U.S. 333, 347 (1977).

Here, the Complaint alleges that the sum of $500,000—the amount of damages that Chu allegedly suffered due to the Defendants' alleged actions — is at issue. Exhibit 1, Complaint, pp. 8, 9, 11, 13, 14, ¶¶ 32, 36, 47, 60, Prayer for Relief, ¶¶ 1-5.

Plaintiff is also seeking to invalidate the Settlement Agreement by way of this lawsuit but has not returned to GD its payment to him of $60,000. Thus, if Plaintiff prevails in her action for Declaratory Relief, the pecuniary result the judgment would directly produce is the return of at least $60,000 received by Chu under the Settlement Agreement.

Accordingly, the amount in controversy in this action well exceeds $75,000, exclusive of interest and costs.

Because the amount in controversy exceeds $75,000, removal on the basis of diversity should be allowed pursuant to 28 U.S.C. § 1441(b).

**B.    Complete Diversity of Citizenship Exists Between Plaintiffs and All Defendants.**

Plaintiff Chu alleges in the Complaint that he "is a resident of Dallas, Dallas County, Texas." Exh. 1, Complaint, ¶ 2. Nothing in the Complaint or other pleadings suggests otherwise. GD, following a diligent search of public records, is not aware of any residency, citizenship or domiciliary by Plaintiff Chu in California or Delaware.

Plaintiff further alleges that Defendant Wiener "is a resident of the County of Los Angeles, California." Exh. 1, ¶ 4. Wiener does not contest this allegation.

Plaintiff also alleges that GD is a "Delaware limited liability company." Exh. 1, ¶ 3. GD admits that it was organized in the State of Delaware. Moreover, the citizenship of an LLC is the citizenship of its members. *Johnson v. Columbia Props.*

DAVIDOVICH STEIN LAW GROUP LLP
6442 COLDWATER CANYON AVENUE, SUITE 209
NORTH HOLLYWOOD, CALIFORNIA 91606
(818) 661-2420

*Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) ("[L]ike a partnership, an LLC is a citizen of every state of which its owners/members are citizens."); *Marseilles Hydro Power, LLC v. Marseilles Land & Water Co.*, 299 F.3d 643, 652 (7th Cir. 2002) ("the relevant citizenship [of an LLC] for diversity purposes is that of the members, not of the company"); *Handelsman v. Bedford Vill. Assocs., Ltd. P'ship*, 213 F.3d 48, 51-52 (2d Cir. 2000) ("a limited liability company has the citizenship of its membership"); *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998); *TPS Utilicom Servs., Inc. v. AT&T Corp.*, 223 F. Supp. 2d 1089, 1101 (C.D. Cal. 2002) ("A limited liability company … is treated like a partnership for the purpose of establishing citizenship under diversity jurisdiction.").

GD is a dual-member LLC. Its two members are Wiener, who is a resident, citizen and domiciliary of the State of California, and Robert Rosen, who is a resident, citizen and domiciliary of the State of New York. Accordingly, GD is a resident, citizen and domiciliary of the States of California and New York.

The Complaint also names Doe Defendants "1 through 10". Exhibit 1, Complaint, p. 1 ¶ 6. For purposes of removal, however, "the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b)(1). Therefore, the inclusion of "Doe" defendants in the state court Complaint has no effect on removability. In determining whether diversity of citizenship exists, only the named defendants are considered. *See Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-691 (9th Cir. 1998); *see also Olive v. Gen. Nutrition Ctrs., Inc.*, No. 2:12-cv-04297-ODW, 2012 WL 2006389, at *1 (C.D. Cal. June 5, 2012); *Marsikyan v. Porsche Cars N. Am., Inc.*, No. CV 11-09411 SJO, 2012 WL 280585, at *2 (C.D. Cal. Jan. 30, 2012).

### C. The Other Prerequisites for Removal Are Satisfied.

This Notice of Removal is timely filed. The relevant statute provides that "[e]ach defendant shall have 30 days after receipt … of the initial pleading … to file the notice of removal." 28 U.S.C. § 1446(b)(2)(B). Plaintiff filed the Complaint with

the state court on August 1, 2022. GD was served on August 5, 2022. Wiener has not been served. To GD's knowledge, CAA has also not been served. Thus, this Notice of Removal is timely filed under 28 U.S.C. §1446(b).

This action is properly removed to the United States District Court for the Central District of California, Western Division, which is "the district and division embracing the place where [the] action is pending." 28 U.S.C. § 1441(a); *see also* 28 U.S.C. § 84(c)(2) (listing the counties within the Western Division of the Central District of California).

Title 28 U.S.C. § 1446(a), requires a copy of all process, pleadings, and orders served upon the removing defendant in the state court action (Case No. 22STCV24782) to be included with this Notice of Removal. GD has obtained the following papers, and has attached them hereto as follows:

Exhibit 1:   Summons and Complaint

Exhibit 2:   Civil Case Cover Sheet and Civil Case Cover Sheet Addendum

Exhibit 3:   Order Extending Time to Respond

Exhibit 4:   LASC Litigation Stipulations

Exhibit 5:   LASC ADR Package

Exhibit 6:   LASC First Amended General Order (May 3, 2019)

Exhibit 7:   Instructions for Handling Unlimited Cases

Exhibit 8:   Notice of Case Assignment

Counsel for GD certifies that it will file, pursuant to 28 U.S.C. § 1446(d), a Notice to Adverse Party of Removal to Federal Court, together with this Notice of Removal, will be served upon counsel for Plaintiff and the other Defendants, and will be filed with the clerk of the Superior Court for the County of Los Angeles.

By filing this Notice of Removal, GD specifically reserves the right to assert any defenses and/or objections to which it may be qualified to assert.

GD certifies that CAA has consented to this removal and will file a joinder to the removal.

If any question arises as to the propriety of the removal of this action, GD respectfully requests the opportunity to submit briefing and oral argument and to conduct discovery in support of its position that subject matter jurisdiction exists

DATED: August 24, 2022

**DAVIDOVICH STEIN LAW GROUP LLP**

By: _____
NIV V. DAVIDOVICH
CHARLIE Z. STEIN
Attorneys for Defendants GRCA2 DEVELOPMENT, LLC, a Delaware limited liability company and GERALD (erroneously sued as "GERRY") WIENER, an individual